PREGERSON, Circuit Judge,
Dissenting:
Petitioner Yanyun Ren is a native and citizen of China. Ren converted to Christianity in 2001. On November 18, 2001, Ren was attending a house church service when Chinese police arrested her and her fellow congregants. During her detention, two officers interrogated Ren, accused her of belonging to an “illegal gathering,” spreading “an evil cult,” and “disturbing social stability.” The officers demanded that Ren provide information about the organization of the church. When Ren refused to answer the officers’ questions and asked why she was being detained, the officers slapped Ren several times and pulled her hair. The officers then placed Ren in a small cell with two other women. The officers instructed the two other women in the cell to mistreat Ren. Over the next fifteen days, the two women in the cell routinely beat Ren, forced her to eat her food off of the floor, and prevented her from sleeping. Ren was finally released from custody after her father paid a fine. She left China and ultimately arrived in the United States in 2002. Ren timely applied for asylum, withholding of removal, and protection under the Convention Against Torture.
An Immigration Judge (IJ) found that Ren’s testimony was not credible, in reliance, principally, on an expert’s testimony about the inauthenticity of documents — a summons and a receipt for payment of a fine — Ren submitted with her application. While the expert had misgivings about the authenticity of the summons Ren received upon her release, the expert conceded that the summons — the only document handed directly to Ren — could have been reproduced on a copier. Additionally, the fine receipt, which the expert more strongly believed to be counterfeit, was given to Ren’s father, outside of Ren’s presence. There is no indication in the record that Ren had possession of the fine receipt before it was mailed to her by her father after she arrived in the United States. Moreover, even if both the summons and the fine receipt were fraudulent, there was no evidence offered, and the IJ made no finding, that Ren knew that the documents were not genuine. See Yeimane-Berhe v. Ashcroft, 393 F.3d 907, 911 (9th Cir.2004).
The other grounds the IJ relied upon for her adverse credibility determination are either speculative or do not go to the heart of Ren’s asylum claim. See Manimbao v. Ashcroft, 329 F.3d 655, 660 (9th Cir.2003); Shah v. INS, 220 F.3d 1062, 1071 (9th Cir.2000). Moreover, the IJ failed to address Ren’s proffered explanations for the perceived inconsistencies, and thus, the IJ’s findings must be disregarded. See Soto-Olarte v. Holder, 555 F.3d 1089, 1091 (9th Cir.2009); Kaur v. Ashcroft, 379 F.3d 876, 884 (9th Cir.2004).
For these reasons, I would grant the petition for review, reverse the adverse credibility finding, and remand to the BIA for further proceedings. See Telele v. Mukasey, 533 F.3d 1044, 1056 (9th Cir.2008). I therefore respectfully dissent.